## No. 215

### LUFF v. STATE

No. 20315. Supreme Court

Motion to file pet. in err. Dock. Feb. 9, 1927, 5 Abs. 105.

**465. ERROR—Does Appeals Court have authority to review, having once passed on same error?**

First Publication of this Case

Luff contends in the Supreme Court, that it is immaterial, that a former proceeding in error was affirmed and remanded for re-sentence, by the Supreme Court, and that when error is again presented, it makes no difference that Court of Appeals has passed on assignment of error, and fact that Appeals Court refuses to review because of no authority to do so, is not well taken.

Attorneys—Day & Day for Luff; E. C. Stanton for State; all of Cleveland.

## No. 216

### WEST. RES. BANK v. STATE ex.

On motion to certify. Dock. Feb. 5, 1927, 5 Abs. 90.

**387. DEPOSITIONS—Does money deposited in active fund which is not used, become inactive and subject to higher interest rate and is such interest public moneys within purview of Sec. 286 GC?**

First Publication of this Case

The State ex rel contends in Supreme Court that money deposited in bank under active fund for immediated use, which was not used through change in circumstances, can be claimed an inactive fund and that additiosal interest is due thereon; and does interest due upon depository funds constitute public moneys within meaning of Sec. 286 GC?

Attorneys—Fillius & Fillius, Warren, for Bank; L. B. Griffith, Warren, and E. C. Turner, Columbus, for State ex.

Note—Motion to certify overruled, 5 Abs. 155.

## No. 217

### COMMUNITY DISCOUNT CO. v. JOSEPH

No. 20319. Supreme Court

On mot. to cert. Dock. Feb. 10, 1927, 5 Abs. 105.

**997. REAL ESTATE—Can vendor of real estate subject to mortgage transfer same in regular course of business to vendee and then release vendee for value?**

First Publication of this Case

The Community Discount Company contends that after vendor of real estate subject to a mortgage assigns same to vendee, he cannot then release vendee for value therefrom, after same has been transferred in regular course of business and is not yet due.

Attorneys—Miller & Middleton, and West & Campbell, Bellefontaine for Company; F. G. Long, Bellefontaine, and J. B. Morgan, Youngstown, for Joseph.

Note—Motion to certify allowed, 5 Abs. 155.

## SUPREME COURT

## No. 218

### STATE ex GALLOWAY v. INDUST. COM.

Supreme Court. Decided Dec. 21, 1926

No. 20018.

**747. MANDAMUS — Where a claim for compensation against the Industrial Commission has been tried upon motion to certify and after full hearing, is denied, the question cannot again be raised in the Supreme Court by an original action in Mandamus.**

PER CURIAM.

This is original in this court in mandamus. Eliza M. Galloway the relator is the wife of the relict of Elisha Galloway, who died of pulmonary tuberculosis. He was employed painting gasoline pumps in a small room and subject to an accumulation of poisonous fumes. He collapsed by reason of the fumes on his employer's premises and was carried home where he died three months later. His wife filed a claim for death from occupational disease.

The Industrial Commission refused to allow the claim upon the ground that it did not come within the purview of the statute. An appeal was taken to the Court of Common Pleas where the judgment of the Industrial Commission was sustained. Later it was affirmed by the Court of Appeals. A motion to certify case number 19676 was overruled.

The present action No. 20018 is an action in mandamus, the relator asking that the industrial commission be required to award her damages, urging that the deceased was so reduced in strength and vitality that he was unable to resist the disease.

The Attorney General raised the question by demurrer alleging two grounds, first that the matter had heretofore been disposed of by this court, and second that the facts do not warrant a recovery under the record in this case. The Supreme Court held:

1. Taking up the first ground of demurrer, it appears that after the disposition of cause No. 19676, a motion for a rehearing was filed by the relator on April 16, 1926, and that on May 8, 1926, said motion was denied by this court.

2. An examination of the record discloses that the same questions raised by the petition filed in the instant case were presented in said cause No. 19676, and therein disposed of.

3. It appearing, therefore, that the same subject matter between the same parties, having been heretofore adjudicated, it cannot be again presented by way of an action in mandamus.

4. It follows, therefore, that the demurrer to the petition must be sustained, and the writ of mandamus denied.

(Marshall, CJ., Jones, Matthias, Day & Kinkade and Robinson, JJ., concur.)

Attorneys—Geo. H. Phelps, Findlay, for State ex; C. C. Crabbe, Atty, Gen. and R. H. Zurmehly, Columbus, for Commission.

Note—Decided Dec. 31, 1926, 4 Abs. 867; OS. Pend. in No. 19676, 4 Abs. 261.